

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Paul T. Holt
County Attorney
Austin, Texas

Dear Sir:

Opinion No. O-1358
Re: Whether the real property
owned and used by the Maternal
Health Clinic of Austin is
exempt from taxation.

We are in receipt of your letter of August 26, 1939, wherein you submit to us the following facts:

"The Maternal Health Clinic of Austin was incorporated under the laws of this state as a non-stock, non-profit, charitable and educational corporation on June 29, 1938. Its purpose, as set forth in its charter, is as follows:

"'The support of a charitable and educational undertaking, to-wit; providing clinical and other services for birth control, prescription and treatment, in cooperation with the American Birth Control League, and educating the public concerning the medical, social, and economic and eugenic and ethical importance of birth control.'

"The property in question consists of a house and lot located at 1300 Sabine Street, Austin, Texas, Doctors, volunteer social workers and a trained nurse attend patients at the clinic. No rent or other income is derived from the use of this property.

"This corporation's function is to support a post-natal clinic for women unable to pay for the services of a physician. Its services include the following:

"1. Physical check-ups of post-partum patients six weeks after childbirth.

"2. Gynecological examination for the cure and prevention of disease.

Hon. Paul T. Holt, #2

"3.    Advise to childless women who desire families.

"4.    Instructions in the use of medically approved, harmless material for family spacing and family limitation for the health and well-being of both mother and child.

"5.    Periodical check-ups and social service consultation.

"Patients served by the clinic consist of destitute post-natal patients referred by reputable physicians and poverty stricken married women who come at the suggestion of social welfare workers or on their on initiative.

"Statistics furnished by the clinic in 1938 revealed that 56% of all patients were on direct relief or were receiving aid from local welfare agencies. Only 5% of all patients had family incomes over $60.00 per month; 10% were tubercular; 10% were syphilitic; 6% were not mentally well or had psychopathic family histories; and 6% were suffering from nephritis, cardiac conditions, epilepsy, congenital cataracts and deafness following childbirth. Medical authorities agree that women suffering from the afflictions named would be endangering their lives and permanently undermining their health by undergoing an unplanned pregnancy.

"The clinic's income is derived from two sources—from public donations and subscriptions and from patients. Only married women whose family income does not exceed $100.00 per month are admitted. Various volunteer workers serve the clinic without compensation. The only paid employee is one trained nurse and social worker. The only charge made to patients is for materials which the clinic furnishes. The maximum charge for such materials is $2.00 per patient. The average charge is 50 cents per patient. No charge is made to patients on direct relief or to those who are financially unable to pay. The funds derived from patients do not cover the cost to the clinic of materials furnished. Practically all of the clinic's expenses are paid with contributions from members and the public.

"The property in question is used exclusively as a clinic for the purposes mentioned above. It is put to no other use and no income whatsoever is derived from its use."

·e are further advised that the institution engages in no educational work except in the dissemination of information in the manner above set out.

You request our opinion as to whether the real property of this institution is exempt from taxation.

Article 8, Section 2 of the Constitution of Texas, provides that "the Legislature may by general laws exempt from taxation . . . institutions of purely public charity." In Section 7 of Article 7150, Revised Civil Statutes, the Legislature has availed itself of the authority thus extended to it by said constitutional provision.

Our courts have held that the word "purely" as used in Article 8, Section 2 of the Constitution, is intended to modify the word "charity" and not the word "public." City of Houston vs. Scottish Rite Benevolent Association, 230 S. W. 978; B.P.O.E. Lodge No. 151 vs. City of Houston, 44 S. W. (2d) 488; Scott vs. All Saints Hospital, 203 S. W. 146. Hence, it is not necessary in order for the exemption to be claimed for the charity to be extended to all members of the public. From the opinion of Justice Greenwood in the case of City of Houston vs. Scottish Rite Benevolent Association, 111 Tex. 191, 230 S. W. 978, we quote as follows:

"In our opinion, the Legislature might reasonably conclude that an institution was one of 'purely public charity' where: First, it made no gain or profit; second, it accomplished ends wholly benevolent; and third, it benefited persons, indefinite in numbers and personalities by preventing them, through absolute gratuity, from becoming burdens to society and the state."

In the case of Santa Rosa Infirmary vs. City of San Antonio, 259 S. W. 926, it was held by the Commission of Appeals that the fact that a hospital took pay patients, much greater in number than purely charity patients, did not destroy the right to the exemption, none of such pay being appropriated as profit but being used for maintenance, upkeep and improved facilities, debt and interest upon the deferred purchase price of the hospital, training of future members of the institution, support of aged and disabled members, and to the accumulation of a building fund. It was further held that the fact that surgeons engaged in private practice were permitted to use the hospital's facilities for the treatment of their private pay patients did not deprive the institution of the exemption. We think that the situation presented by the facts in the case before us falls squarely within the holding of the Commission of Appeals in the Santa Rosa Infirmary case. Furthermore, we are of the opinion that the nature of the charity dispensed does not remove the institution from the exemption.

Hon. Paul T. Holt, #4


Our answer to your question is that under the facts presented to us the real property of the Maternal Health Clinic of Austin is exempt from ad valorem taxation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R Lewis_

Glenn R. Lewis
Assistant

GRL:N


APPROVED SEP 11, 1939

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN